ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER OF JULY 30, 1991, REQUESTING AN OFFICIAL ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 "IS THERE ANY CONSTITUTIONAL OR STATUTORY PROVISIONS THAT WOULD PROHIBIT A MEMBER OF THE HOUSE OF REPRESENTATIVES, WHICH MEMBER IS ON THE BOARD OF DIRECTORS OF A BANK THAT IS THE PRESENT OWNER OF A HORSE RACING TRACK, FROM SERVING ON THE OKLAHOMA HORSE RACING TASK FORCE COMMITTEE?"
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE OR NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
YOUR INQUIRY SPECIFICALLY REFERENCES TITLE 74 O.S. 4246, WHICH IS SOMETIMES REFERRED TO AS THE LEGISLATIVE CODE OF ETHICS. WHEN 74 O.S. 4246 IS READ IN ITS ENTIRETY IT REFLECTS THE PROHIBITION OF OFFERING OR ACCEPTING ANY FAVOR GIVEN FOR THE PURPOSE OF INFLUENCING A LEGISLATOR IN THE DISCHARGE OF HIS/HER OFFICIAL DUTIES. A.G. OPIN. NO. 83-022. EVEN IF YOU ASSUME, AS YOU HAVE STATED IN YOUR LETTER, THAT THE REPRESENTATIVE FEELS THAT HE CAN SERVE ON THE TASK FORCE WITHOUT VIOLATING ANY OF THE PROHIBITIONS SPECIFIED IN 74 O.S. 4246 OF TITLE 74, THE FACTS AND CIRCUMSTANCES AS YOU HAVE DESCRIBED THEM IN YOUR LETTER MAY CREATE THE APPEARANCE OF IMPROPRIETY.
IN WESTINGHOUSE ELECTRIC CORP. V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA. 1986), THE OKLAHOMA SUPREME COURT ADDRESSED THE STANDARD OF CONDUCT FOR STATE OFFICES AND STATED AT PAGE 717:
 "GOVERNMENTAL OFFICIAL ND EMPLOYEES MU T EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES: FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH."
AS A MEMBER OF THE BOARD OF DIRECTORS OF BANK, THE REPRESENTATIVE HAS A FIDUCIARY RESPONSIBILITY TO THE BANK, ITS OWNERS AND DEPOSITORS. UNDER THE FACT AS DESCRIBED IN YOUR LETTER, THE BANK HAS A DIRECT PECUNIARY INTEREST IN THE TRACK AND WOULD DIRECTLY BENEFIT FROM THE GRANTING OF THE COUNTY FAIR BOARD'S APPLICATION FOR AN ORGANIZATION LICENSE TO CONDUCT A FAIR RACE AT SAID TRACK IN 1992. AS A DIRECTOR OF THE BANK, THE REPRESENTATIVE WOULD, AT THE VERY LEAST, HAVE AN INDIRECT INTEREST IN SEEING THAT THE TRACK OPERATE AND GENERATE REVENUES. CLEARLY, THE ABILITY TO CONDUCT A FAIR RACE MEETING AT THIS TRACK DURING 1992 WOULD BE IN THE BEST INTEREST AND DIRECTLY BENEFIT THE BANK.
THE OKLAHOMA HOUSE OF REPRESENTATIVES LEGISLATIVE MANUAL GENERALLY DEFINES THE FUNCTIONS OF TASK FORCE COMMITTEES. WHILE MEMBERS OF THE COMMITTEE DO NOT HAVE A VOTE ON ISSUES BEFORE THE BOARDS OR COMMISSIONS, THE COMMITTEE MEETS WITH THE BOARD OR COMMISSION AT THE REGULAR MEETINGS AND THE MEMBERS CAN SIT THROUGH ALL PROCEEDINGS, INCLUDING ANY EXECUTIVE SESSIONS. OTHER THAN THIS GENERAL DISCUSSION THERE DOES NOT APPEAR TO BE ANY FURTHER DOCUMENTATION OF THE FUNCTIONS, DUTIES AND RESPONSIBILITIES OF THE OKLAHOMA HORSE RACING TASK FORCE COMMITTEE. EVEN THOUGH THE MEMBERS CANNOT VOTE ON ISSUES BEFORE THE HORSE RACING COMMISSION, THE PRESENCE OF THE MEMBERS AT THE MEETING, ESPECIALLY IN EXECUTIVE SESSION, MAY INFLUENCE THE COMMISSION MEMBERS VOTE. REGARDLESS OF THE INTENT BEHIND THE APPOINTMENT OF THE REPRESENTATIVE TO THE TASK FORCE COMMITTEE, THE FACT THAT THE REPRESENTATIVE HAS A DIRECT RELATIONSHIP WITH THE OWNERS OF A HORSE RACING TRACK MAY CREATE THE APPEARANCE OF A CONFLICT OF INTEREST. THEREFORE, THE PROVISIONS OF SECTION 4246 OF TITLE 74 OF THE OKLAHOMA STATUTES MAY PROHIBIT THE REPRESENTATIVE FROM SERVING ON THE TASK FORCE COMMITTEE.
(CONFLICT OF INTEREST)
(DAN M. PETERS)